[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Memorandum of Decision
The issue in this ad valorem tax appeal is the valuation of a motel. The property in question is the Susse Chalet, located at 185 Brainard Road in Hartford. The property is owned by the plaintiff, Fred B. Roedel. The valuation date is October 1, 1989. The City of Hartford assessed the value of the property as $4,368,900. The plaintiff appealed to the City's Board of Tax Review. On appeal, the Board reduced the valuation to $4,300,000. The plaintiff then filed a timely appeal to this court. A hearing was held on May 8, 1996. The following facts are found.
The Susse Chalet is located on a plot of land, approximately six acres in area, on Brainard Road in Hartford. It is in a neighborhood of several large commercial properties. A large restaurant (formerly Valle's; now a Chowder Pot) is immediately to the north. A Days Inn is immediately to the south. The Susse Chalet was built in 1974. It has one hundred thirty guest rooms, although three or four of these are not currently used as such. It also has a limited number of public areas such as a lobby, public restrooms, and a laundry area. It has no restaurant. There is an outdoor pool on the grounds, but the condition of this pool on the valuation date cannot be determined from the evidence. The property is considered a limited service motel. The gross building area is slightly under 66,000 square feet.
The trial of this case boiled down, in the usual fashion, to a battle of the experts. Two experts testified: Dean C. Amadon for the taxpayer, and Christopher A. Italia for the City. Both CT Page 4787 are experienced appraisers. Amadon testified that the value of the subject property on the valuation date was $1,300,000. Italia, on the other hand, concluded that the value was $4,350,000. After considering all of the evidence, I have determined that Amadon's appraisal is so skewed toward a "lowball" figure that it lacks credibility and must be disregarded. Although this conclusion, like any determination of credibility, is in part judgmental, a number of objective factors supporting it can be identified.
Amadon's appraisal is based on the income capitalization approach. The choice of this approach is unproblematic because "it is most similar to the analysis made by knowledgeable buyers before they purchase a hotel." District of Columbia v. WashingtonSheraton Corp., 499 A.2d 109, 113 (D.C. 1985). In implementing this approach, however, Amadon gave undue emphasis to the actual operating results for the five years following the valuation date. This emphasis is extremely problematic in the context of this case because, according to Amadon's own report, the local real estate market peaked in early 1989. (Ex. A, p. 61.) By the early-to-mid 1990's, in contrast, both the real estate market and the hotel business were in a comparatively depressed condition. In consequence, the subject property's income in the 1990's was significantly less than could have been reasonably foreseen on the valuation date. Amadon's appraisal unduly emphasizes the valley and all but ignores the peak.
I do not intend to imply that actual earnings after the valuation date may not be considered in appraising the subject property. They clearly may. See, e.g., Newbury Commons LimitedPartnership v. City of Stamford, 226 Conn. 92, 103, 626 A.2d 1292
(1993); Somers v. City of Meriden, 119 Conn. 5, 12, 174 A. 184
(1934). The point, however, is to arrive at an accurate value as of the valuation date. This is "the price that a willing buyer would pay a willing seller based on the highest and best possible use of the land." First Bethel Associates v. Town of Bethel,231 Conn. 731, 740 n. 7, 651 A.2d 1279 (1995). The actual earnings after the valuation date, while a permissible consideration, are only one factor to consider in determining this value. This is particularly the case when, as is the case here, the value arrived at by focusing on post-valuation date earnings simply does not make sense in light of the other evidence in the case. Both past earnings and prospective earnings (as they would have been viewed at the time of the valuation date) must be considered as well. Somers v. City of Meriden, supra, 119 Conn. at 12. CT Page 4788
Although it is not necessary to review all of the evidence, two other facts embedded in the record strongly suggest that Amadon's appraisal is so skewed that it cannot be relied upon. The subject property, which as mentioned was built in 1974, was sold in 1979 for $1,700,000. This was ten years prior to the valuation date. As is well known, real estate prices in Hartford rose significantly between 1979 and 1989. Although hotel sale prices are difficult to analyze because the amount of personal property and business good will that they include is often unknowable, it simply does not make sense that a property that was worth $1,700,000 in 1979 would be worth $1,300,000 in 1989. Amadon did not explain this discrepancy.
Another significant fact in evidence is that the Days Inn, which as mentioned is next door to the subject property, was sold in August 1989 for $1,850,000. This was two months before the valuation date. The Days Inn has 69 rooms. It is thus approximately half the size of the subject property, which has 130 rooms. It simply does not make sense that a 69 room motel would sell for $1,850,000 and that, two months later, a 130 room motel next door would be worth only $1,300,000. Amadon opined that the Days Inn sale was not an arms length transaction, but this is hardly an adequate explanation for a disparity of this magnitude.
I conclude from these various factors that Amadon's appraisal lacks credibility. I assign it no weight in my findings.
Italia's appraisal was much more credible. I do not, however, agree with his ultimate conclusion. Italia used two methods of valuation. Using the cost approach, he arrived at a value of $4,620,000. Using the income capitalization approach, he arrived at a value of $4,215,000. He found the income capitalization approach to be the more reliable of the two, but he considered both approaches in arriving at a value of $4,350,000. There is nothing in evidence, however, to suggest that a knowledgeable buyer would use the cost approach in arriving at the market price of a fifteen-year-old motel building. This is an income-producing property and, as already mentioned, the income capitalization approach is a much more reliable method of determining its value. I find that Italia's appraisal by the income capitalization approach is both credible and accurate. The fair market value of the subject property on October 1, 1989, was $4,215,000. CT Page 4789
Accordingly, the plaintiff's appeal is sustained. The assessor is ordered to reduce the fair market value of the property to $4,215,000 as of the valuation date. No costs are awarded.
Blue, J.